849 F.2d 1474
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gerald D. WEEKS, Plaintiff-Appellant,
v.
Francis J. SCOTT and T. Harold Craig, Trustees of Estate of
G. Weeks Securities, Inc., Defendants-Appellees.
 No. 87-5830.
 United States Court of Appeals, Sixth Circuit.
 June 28, 1988.
 
 Before WELLFORD and ALAN E. NORRIS, Circuit Judges and JULIAN A. COOK, Jr., District Judge.*
 PER CURIAM.
 
 
 1
 Gerald D. Weeks, principal shareholder of Gerald Weeks Securities, Inc., and its parent company, G. Weeks & Company, Inc., appeals from a final judgment of the district court affirming an order of the bankruptcy court entering summary judgment in favor of Francis J. Scott and T. Harold Craig, Trustees of the Estate of Gerald Weeks Securities, Inc. ("Turstees"), for $288,670, representing amounts fraudulently transferred by Gerald Weeks Securities, Inc., via G. Weeks & Company, Inc., to Weeks.
 
 
 2
 Weeks admitted his indebtedness but asserted, as an affirmative defense, that he had complied fully with an unsigned agreement with the Trustees. The Trustees requested the bankruptcy court to compel Weeks to sign both the agreement and a quitclaim deed to real estate he owned in Hot Springs, Arkansas. The agreement provided, in part, that Weeks would convey the real estate to the Trustees. In reliance upon that provision, the Trustees had spent $3,000 for fee title, taxes, and maintenance on the property.
 
 
 3
 The unexecuted agreement contained a covenant by the Trustees that they would not sue Weeks if he complied fully with the agreement. It also provided: "[T]his Stipulation and Agreement shall not be effective until approved by the United States Bankruptcy Court after such notice and hearing as ordered by the Court."
 
 
 4
 The court, after finding that Weeks' refusal to sign was wrongful, ordered and approved the sale of the property for $6,000. The Trustees were allowed their expenditures, under a constructive trust theory.
 
 
 5
 The bankruptcy court later pointed out that its order did "no more than approve the sale of the Arkansas property and the parties' agreement regarding such." Nevertheless, Weeks argues that the Trustees are equitably estopped to deny the agreement[1] because they have elected to keep the $3,000 balance of the sale proceeds. Weeks cites no authority supporting his proposition that state law can give effect to a trustee's compliance with a bankruptcy court's order, which is in direct conflict with the court's interpretation of that order. A bankruptcy court's powers and duties to approve or disapprove proposed compromises cannot be so circumvented.
 
 
 6
 It is incontrovertible that there never was a signed or oral contract incorporating a complete agreement between the parties. Regardless of the label that Weeks wishes to place upon the theory under which he is proceeding, he must show that he voluntarily complied with his side of the contract. Both the district court and the bankruptcy court found that he did not.
 
 
 7
 Weeks can hardly argue that he complied with the agreement when he did not even attempt to procure its approval by the court--an express and material condition precedent to its becoming effective. The Trustees were entitled to insist upon such approval. 9 Collier on Bankruptcy Sec. 9019.03 (L. King 15th ed. 1988). Because his evidence did not demonstrate his compliance with the purported bargain he now seeks to enforce, Weeks did not meet his burden of showing that a genuine issue of material fact exists with respect to any essential element of his case. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986).
 
 
 8
 The Trustees have offered, and Weeks is entitled to, a credit against the judgment for the remaining balance of the proceeds of the sale of the Arkansas real estate. Accordingly, we remand this cause for the purpose of permitting the district court to revise its order to reflect the credit to which Weeks is entitled. In all other respects, the judgment of the district court is affirmed for the reasons stated above and in the district court's opinion.
 
 
 
 *
 The Honorable Julian A. Cook, Jr., Judge, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Weeks relies upon Wilson v. Wilson, 23 Tenn.App. 244, 130 S.W.2d 140, 145 (1939), and Wyatt v. Brown, 39 Tenn.App. 28, 281 S.W.2d 64, 68 (1955). Insofar as these cases are relevant to any consensual agreement of the parties, they appear to be subsumed by Alden v. Presley, 637 S.W.2d 862, 864 (Tenn.1982) (expressly adopting certain definitions of promissory estoppel in Restatement of Contracts, Section 90). A promise is not binding under Section 90 unless "injustice can be avoided only by enforcement of the promise." No such injustice appears here. He who seeks equity must do equity. Weeks could have signed the agreement